# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| FEDERAL NATIONAL MORTGAGE ASS'N, | CASE NO. 13cv2511-LAB (WVG) |
|---|---|
| Plaintiff, | **ORDER DENYING MOTION TO PROCEED *IN FORMA PAUPERIS*;** |
| vs. | **ORDER OF REMAND; AND** |
| DANNY R. GARLAND, LUCY M. GARLAND, | **ORDER FORBIDDING REMOVAL OF THIS ACTION IN FUTURE** |
| Defendant. | |

In a separate case, 13cv1434-LAB (WVG), *Federal National Mortgage Association v. Garland*, Defendant Lucy Garland filed a notice of removal, well as a motion for leave to proceed *in forma pauperis* (IFP). Defendant Danny Garland did not join in either of these. The Court denied the IFP motion, pointing out that it left open the possibility that Danny Garland might have income or assets sufficient to pay the filing fee. The Court pointed out that Danny Garland had not joined in the notice of removal as was required, and also ordered Defendants to show cause why the action should not be remanded for lack of jurisdiction. The order discussed the "well-pleaded complaint" doctrine, and cited *Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.*, 535 U.S. 826, 831–32 (2002) in support of its discussion.

1 | Defendants failed to respond to the Court's order to show cause, and the action was
2 | remanded on July 3, 2013.

3 | On October 18, 2013, Lucy Garland <u>again</u> removed the identical state court action,
4 | and moved to proceed IFP. This time, she explained that Danny Garland had filed a petition
5 | for bankruptcy in this District's bankruptcy court. What she failed to mention is that his
6 | bankruptcy petition, number 13-02655-LT13, was dismissed on April 12, 2013 after Danny
7 | Garland failed to file required documents. Because Danny Garland again did not join in the
8 | IFP motion, it is **DENIED**.

9 | Most of the notice of removal is legal gibberish that has apparently been cut and
10 | pasted from some other document or documents.  There are some substantive, though not
11 | meritorious, arguments in the notice of removal. As in the previous removal, Lucy Garland
12 | argues that because she has federal defenses to the unlawful detainer action, this action is
13 | removable. Specifically, she argues that the state court is incorrectly applying state
14 | evidentiary law, resulting in federal constitutional equal protection or due process violations.
15 | As the Court told her previously, federal defenses do <u>not</u> create federal subject-matter
16 | jurisdiction. Furthermore, even assuming the state court is misapplying state law, errors of
17 | state law do not amount to federal constitutional violations. *See Little v. Crawford*, 449 F.3d
18 | 1075, 1083 n.6 (9th Cir. 2006).

19 | Because most of the removal notice makes no sense, it seems unlikely she could
20 | have complied with Fed. R. Civ. P. 11(b)(2)'s requirements that she have undertaken an
21 | inquiry that was reasonable under the circumstances before making her arguments. In
22 | addition, she has already been told that federal defenses do not create jurisdiction, so she
23 | cannot now have a good faith belief that they do.  The Court also notes that virtually identical
24 | notices of removal were filed in other cases in this Circuit, including *HSBC Bank USA N.A.*
25 | *v. Garcia*, 12cv365 (C.D.Cal., removed March 9, 2012) and *U.S. Bank, N.A. v. Llopis*,
26 | 12cv1289 (E.D.Cal., removed May 14, 2012), followed swiftly by remand.  The Court
27 | cautions her  that even though  she is a *pro se* litigant,  she must obey  the same rules that
28 | / / /

apply to other litigants, *see King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), and that she is not immune to sanctions.

Because the Court lacks jurisdiction over this action, it is immediately **REMANDED** to the court from which it was removed. Defendants are **ORDERED** not to remove or attempt to remove this action to federal court in the future.

**IT IS SO ORDERED**.

DATED: November 5, 2013

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge